**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| TRINH THI DIEU LE, CUC THI THU DOAN, LINZHI QI and PHUOC TRAN,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>NICHOLAS COLUCCI, as Chief of the Immigrant Investor Program Office, U.S. Citizenship and Immigration Services, in his official capacity;<br><br>L. FRANCIS CISSNA, Director, U.S. Citizenship and Immigration Services, in his official capacity,<br><br>KIRSTJEN M. NIELSON, Secretary, U.S. Department of Homeland Security, in her official Capacity; and<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>　　　　Defendants. | Case No. |

**COMPLAINT FOR DECLARATORY AND MANDAMUS RELIEF**

Plaintiffs, CUC THI THU DOAN, TRINH THI DIEU LE, LINZHI QI, and PHUOC TRAN (the "**Plaintiffs**"), through undersigned counsel, sue Defendants, NICHOLAS COLUCCI, Chief of the Immigrant Investor Program Office, L. FRANCIS CISSNA, Director of U.S. Citizenship and Immigration Services, KIRSTJEN M. NIELSON, Secretary of U.S. Department of Homeland Security and the UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (the "**Defendants**"), and in support allege as follows:

1

## PRELIMINARY STATEMENT

Plaintiffs, all foreign investors of $500,000.00 each in a new commercial enterprise pursuant to the EB-5 Program known as the Delamar EB-5, LLC bring this action to remedy the unlawful, unreasonable, arbitrary and capricious delay by the U.S. Citizenship and Immigration Services ("**USCIS**" or the "**Agency**") in adjudicating the Form I-526, "Immigrant Petition by Alien Entrepreneur" ("**Form I-526 Petition**"), filed individually by each of the Plaintiffs over twenty-seven (27) months ago.

The Plaintiffs' Form I-526 Petitions meet all the requirements for adjudication. The Agency's continuing and inexcusable delay in acting on the Plaintiffs' Form I-526 Petitions is contrary to the Administrative Procedure Act ("**APA**"), 5 U.S.C. §§ 555(b), 706(1), 706(2)(A), (C), (D), and warrants an exercise of this Court's mandamus power under the Mandamus and Venue Act ("**Mandamus Act**"), 28 U.S.C. § 1331 and 1361.

The continued delay in adjudicating the Form I-526 Petitions is causing significant harm to the economic, social and mental welfare of the Plaintiffs and their families. Accordingly, Plaintiffs, by and through undersigned counsel, respectfully request this Court to issue an order directing Defendants to adjudicate the pending Form I-526 Petitions within fifteen (15) days, or within a time frame this Court deems appropriate under the circumstances, pursuant to the APA and the Mandamus Act.

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, TRINH THI DIEU LE ("Ms. Le") is a citizen of Vietnam.

2. Plaintiff, CUC THI THU DOAN ("Ms. Doan") is a citizen of Vietnam.

3. Plaintiff, LINZHI QI ("Mr. Qi") is a citizen of China.

4. Plaintiff, PHUOC TRAN ("Mr. Tran") is a citizen of Vietnam.

5. Defendant NICHOLAS COLUCCI is the Chief of the Immigrant Investor Program Office ("IPO"), U.S. Citizenship and Immigration Services, and is sued in his official capacity.

6. Defendant, L. FRANCIS CISSNA is the Director of U.S. Citizenship and Immigration Services, and is sued in his official capacity. USCIS is located in Washington, D.C. As Director of USCIS, the Defendant oversees all of the agency's operating divisions, including the IPO. See 8 U.S.C. § 1103; 6 U.S.C. § 271(b).

7. Defendant, KIRSTJEN M. NIELSON, is the Secretary of U.S. Department of Homeland Security, and is sued in her official capacity. The Department of Homeland Security is located in Washington, D.C and has oversight of USCIS. Id.

8. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the Plaintiff's claim arises under the laws of the United States, specifically the Immigration and Naturalization Act, 8 U.S.C. § 1101, et seq. ("INA") and its implementing regulations.

9. Further, this Court has subject-matter jurisdiction over this action and may grant relief pursuant to the Administrative Procedure Act, 5 U.S.C. § 555(b) and § 701 et seq., the Mandamus Act, 28 U.S.C. § 1361.

10. Venue is proper in the Southern District of Florida under 28 U.S.C. § 1391(e) because this is an action against officers and agencies of the United States in their official capacities, brought in the district where a substantial part of the events giving rise to the Plaintiff's claim occurred.

## LEGAL AND FACTUAL BACKGROUND

### I.     The EB-5 Program

11.     Congress created the EB-5 Program in 1990 to stimulate the U.S. economy through job creation and capital investment by foreign investors like the Plaintiffs. Under the program, a foreign citizen may obtain permanent resident status upon the investment of at least $500,000 and the creation of at least ten full-time jobs as part of a new business venture. *See* 8 U.S.C. § 1153(b)(5); 8 C.F.R. § 204.6(f)(2).

12.     As part of the EB-5 Program, Congress also created (and has regularly renewed) the Immigrant Investor Pilot Program, now called the Immigrant Investor Program. This subset of the EB-5 program permits a putative EB-5 investor to invest the requisite capital through a USCIS-approved "regional center." A regional center is an entity for promoting economic growth and job creation in a particular geographic region of the United States, and each center may contain one or more new commercial enterprises under its umbrella. 8 C.F.R. §204.6(e)(m)(3).

13.     To apply for an EB-5 visa, a foreign entrepreneur must submit a Form I-526 Petition and supporting documentation demonstrating that the required capital has been committed and is actually at risk; the investment is made from the entrepreneur's own lawfully acquired funds; and the existence of a comprehensive business plan demonstrating that ten full-time jobs will be created by the investment. 8 C.F.R. § 204.6(j). For an investment through an approved regional center, the petition must be accompanied by evidence that the requisite investment will create ten full-time positions either directly or indirectly for no fewer than 10 individuals. *Id.*

### II.    The Plaintiffs' Form I-526 Petitions under the EB-5 Program

14.     Plaintiffs submitted their Form I-526 Petitions on the following dates:

    (i)  09/29/2016  Ms. Le
    (ii)  12/05/2016  Ms. Doan
    (iii)  09/20/2016  Mr. Qi
    (iv)  09/30/3016  Mr. Tran

The Form I-526 Petitions were submitted along with comprehensive supporting evidence demonstrating that the required capital was committed and was actually at risk; and further establishing the lawful source of the invested funds; and that, through the regional center, there existed a comprehensive business plan showing that at least ten full-time jobs would be created by each investor's investment.

  15.  USCIS acknowledged receipt of the I-526 petitions issuing receipt number WAC1790100969 to Ms. Doan on 12/07/2016; receipt number WAC1690650237 to Ms. Le on 10/01/2016; receipt number WAC1690635218 to Mr. Qi on 09/22/2016; and receipt number WAC1790001056 to Mr. Tran on 10/04/2016. *See* **Composite Exhibit "A"** attached.

  16.  In conjunction with the Form I-526 Petition, the Plaintiffs each invested $500,000 in a new commercial enterprise, Delamar EB-5, LLC, (the "**Delamar Project**"), a Connecticut Limited Liability Company formed in December of 2015. The Delamar Project was created for the construction and development of a luxury boutique hotel in West Hartford, Connecticut. The Delamar Project will also feature a spa, a fitness center, a 3,789-square foot ballroom, a 1,952-square foot meeting room, and a lounge café. The boutique hotel is located at 1 Memorial Road in West Hartford, Connecticut. The approved regional center for the Delamar Project is NY-CT Regional Center, LLC.

  17.  The Project is located in a Targeted Employment Area ("**TEA**"), which pursuant to 8 C.F.R. §204.6(f)(2) allows the qualifying investment to be adjusted down to $500,000.00.

  18.  The economic analysis prepared by Economic & Policy Resources, Inc. ("**E&P Resources**") analyzed the economic and employment benefits of the Project utilizing the

REDYN model, an economic model accepted by USCIS. The analysis demonstrates in verifiable detail that the Delamar Project will lead to the creation of 521 new jobs. This figure easily satisfies the EB-5 Program's job creation requirement on a per-investor basis.

19.     The INA states that Congress intends for all immigration applications and petitions to be processed within 6 months.  "[I]t is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application, except that a petition for a nonimmigrant visa under section 1184(c) of this title should be processed not later than 30 days after the filing of the petition." 8 U.S.C. §1571(b).

20.     According to the Notice of Proposed Rule Making (NPRM) published by USCIS in conjunction with its fee increase, USCIS data shows that it only takes 6.5 person hours to completely process an I-526 petition. 81 Fed. Reg. No. 86. At 26904, *et seq*.

**III.    USCIS Has Unreasonably Delayed Acting on Plaintiffs' Form I-526 Petitions**

21.     Despite the Plaintiffs' completed comprehensive Form I-526 Petitions filed in the fall of 2016, *over two years ago*, USCIS has unreasonably delayed in adjudicating the Petitions.

22.     Immigration counsel for the Plaintiffs inquired with the USCIS Immigrant Investor Program Office ("**IPO**") as to the status of each of the pending I-526 Petitions. To date, they have not received a response from the IPO.  A copy of the IPO request receipt for each of the Plaintiffs is attached as **Composite Exhibit "B."**

23.     Immigration counsel for Plaintiffs also inquired with the Office of the Citizenship and Immigration Services Ombudsman ("**Ombudsman**") as to the status of the pending I-526 Petition. To date, however, there has been no response. A copy of each of the inquiries is attached as **Composite Exhibit "C."**

24.     Despite requests for a specific and reasonable timeline for adjudication of the I-526 Petitions, USCIS has refused and failed to provide any additional information or process the I-526 Petitions.

25.     Further, USCIS has: (1) not requested further information or evidence for the I-526 Petitions; (2) never explained the reason for the lengthy and continuing delay as to the I-526 Petitions; (3) not provided any indication of when the review might be completed, despite the requests.

26.     The Form I-526 Petitions have been outstanding for over twenty-eight (28) months, a period well outside the USCIS published processing time. A copy of the USCIS website page containing the published processing times for the Immigrant Investor Program Office as of 04/02/2019 is attached as **Exhibit "D."**

27.     Despite requests, USCIS has not explained the reason for its unreasonable delay or refusal to adjudicate the Form I-526 Petitions beyond the Agency's published processing time.

## IV.    The Plaintiffs Will Suffer Significant Harm if Relief is Not Granted

28.     As a result of the Agency's unreasonable, protracted and unconscionable delay in the adjudication of the Form I-526 Petitions, the Plaintiffs have suffered and will continue to suffer harm. The Defendants' delay has deprived the Plaintiffs of the myriad privileges that accompany conditional permanent resident status in the U.S., including the ability to become a permanent resident, travel freely and live and work in the United States.

29.     The Defendants' delay in the EB-5 visa process has caused the Plaintiffs to forego employment opportunities and prevented them from building careers in the United States. While the EB-5 visa petitions remain in limbo, Plaintiffs have suffered anxiety stemming from the unreasonable delay in the process and not knowing and the uncertainty surrounding their future.

30. If USCIS continues this unreasonable delay by failing to adjudicate the I-526 Petitions, the Plaintiffs will continue to suffer significant hardship.

31. The Plaintiffs have no other adequate remedy available to them other than filing the instant action.

32. Plaintiffs have retained the undersigned as counsel in this matter and agreed to pay a reasonable fee for their services.

33. All conditions precedent to bringing this action, if any, have occurred or have been performed, waived or excused.

## COUNT I
## ADMINISTRATIVE PROCEDURE ACT
## (5 U.S.C. § 555 and 5 U.S.C. § 701 et seq.)
**(Against All Defendants)**

34. Plaintiffs reallege all the allegations contained in paragraphs 1 through 33 above as though fully set forth herein.

35. Defendants are charged with the mandatory responsibility of administering and implementing the Immigration and Nationality Act.

36. Defendants have a mandatory duty to adjudicate Plaintiffs' Form I-526 Petitions within a "reasonable time".

37. Defendants have violated the Administrative Procedures Act by failing to timely adjudicate the Form I-526 Petitions and this constitutes agency action that is arbitrary and capricious and not in accordance with law.

38. Section 555 of the APA commands administrative agencies to conclude matters presented to the agency for decision "within a reasonable time."  5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties… and within a reasonable time, each agency shall proceed to conclude a matter presented to it.") (emphasis added).

39.     The APA explicitly provides a right of judicial review to a person "adversely affected or aggrieved" by an agency's "fail[ure] to act" or other such agency action. 5 U.S.C. § 702.

40.     When, as here, a proper showing is made, "[t]he reviewing court shall . . . compel agency action[1] unlawfully withheld or unreasonably delayed." *See* 5 U.S.C. § 706(1).  The court must also "hold unlawful and set aside agency action" that is: "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"; "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right"; or "without observance of procedure required by law."  5 U.S.C. § 706(2)(A), (C), (D).

41.     Defendants have a clear, mandatory duty to adjudicate I-526 Petitions like the Plaintiffs' and issue visas when the requirements have been satisfied.  *See* 8 U.S.C. § 1153(b)(5)(A); 8 U.S.C. § 1154(b); 8 C.F.R. § 204.6(k).

42.     The Plaintiffs have complied with all the requirements for adjudication of the Form I-526 Petitions dated between September 5, 2016 and December 9, 2016.

43.     Since that time, Defendants have unreasonably withheld, and unlawfully and unreasonably delayed, acting on the Plaintiffs Form I-526 Petitions in violation of the INA and APA.

44.     Defendants have failed to discharge their mandated official duties by abusing their discretion and acting in an arbitrary and capricious manner in failing to adjudicate the Form I-526 Petitions contrary to Congress's explicit mandate to the agency set forth in the INA and APA.

---

[1] The term "agency action" includes "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13) (emphasis added).

45. As a result of Defendants' failure to adjudicate the Form I-526 Petitions, Plaintiffs have suffered and continue to suffer irreparable harm and damages entitling them to declaratory, injunctive and other relief.

46. The Plaintiffs have no other adequate legal remedy available to them.

## COUNT II
## MANDAMUS ACT
## (28 U.S.C. § 1361)
### (Against All Defendants)

47. The allegations contained in paragraphs 1 through 46 above are incorporated as though fully set forth herein.

48. Plaintiffs seek a writ of mandamus to compel Defendants officer(s) and/or employee(s) of the United States "to perform a duty owed to the plaintiff." *See* 28 U.S.C. § 1361

49. Defendants have failed to discharge their mandated duties by unlawfully and unreasonably delaying the adjudication of Plaintiffs' Form I-526 Petitions despite the Petitions being in a condition supporting immediate adjudication and approval.

50. As a result of Defendants' failure to adjudicate the Form I-526 Petitions, Plaintiffs have suffered and continue to suffer irreparable harm and damages entitling them to declaratory, injunctive and other relief.

51. Plaintiffs have exhausted all possible administrative remedies and there exists no other adequate remedy.

## COUNT III
### Award of Attorneys' Fees and Costs Pursuant to the Equal Access to Justice Act
### (28 S.C. § 24125 U.S.C. §504)

52. Plaintiffs reallege all the allegations contained in paragraphs 1-51 above as though fully set forth herein.

53. Plaintiffs are entitled to their attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, et. Seq. and 5 U.S.C. §504.

### RELIEF REQUESTED

**WHEREFORE**, the Plaintiffs, CUC THI THU DOAN, TRINH THI DIEU LE, LINZHI QI, and PHUOC TRAN, prays that this Court:

1. Compel Defendants to perform their duty to adjudicate Plaintiffs' Form I-526 Petitions within fifteen (15) days or within a time frame this Court deems appropriate under the circumstances;

2. Enter a judgment declaring Defendants' unreasonable delay and failure to adjudicate Plaintiffs' Form I-526 Petitions to be in direct violation of the APA and INA;

3. Grant attorney's fees and costs to Plaintiffs pursuant to the Equal Access to Justice Act; and

4. Grant such other and further relief as this Court deems just and proper.

Dated: April 12, 2019

**SAUL EWING ARNSTEIN & LEHR LLP**
Counsel for Plaintiff
200 S. Biscayne Blvd., Suite 3600
Miami, Florida 33131
Telephone: 305-374-3330
Facsimile: 305-374-4744
E-Mail: carmen.contreras-martinez@saul.com
E-Mail: aida.mclaughlin@saul.com
By:     /s/ Carmen Contreras-Martinez
         Carmen Contreras-Martinez
         Florida Bar No. 093485